Edgar A. McCoy and Margaret McCoy, his wife *v.* Zoning Hearing Board of Radnor Township and William W. Sellers and Nancy F. Sellers, his wife. William W. Sellers and Nancy F. Sellers, his wife, Appellants.

Argued April 6, 1978, before Judges CRUMLISH, JR., MENCER and ROGERS, sitting as a panel of three.

*Fred B. Fromhold,* with him *Thomas J. Burke,* and *Haws & Burke,* for appellants.

*Sondra K. Slade,* with her, of counsel, *Pepper, Hamilton & Scheetz,* for appellees.

OPINION BY JUDGE MENCER, June 27, 1978:

William and Nancy Sellers have brought this appeal from a decision of the Court of Common Pleas of Delaware County reversing a decision of the Zoning Hearing Board of Radnor Township (Board) permitting them to construct a garage on the south side of their property. Since the proposed construction is not in the rear or side yard of their property, as required by the Radnor Township Zoning Ordinance (Ordinance), we affirm.

The Sellers' property abuts the land of Edgar and Margaret McCoy, the appellees here, on the east side.

The Sellers propose to build a three-car, free-standing garage on the southwest corner of their property, despite the fact that their present dwelling contains, in effect, a two-car garage. The McCoys' normal method of access to their property is past this proposed site by way of an easement which is designated on the following sketch as "private lane" and which runs perpendicular to Eagle Road and serves the five lots shown on the sketch:

Originally, the Township Code Enforcement Officer refused to issue a permit on the grounds that the proposed garage would be in the Sellers' front yard in violation of the Ordinance. On appeal, the Board, pursuant to the Sellers' request, treated the case in part as a request for a variance.[1] In a 2-to-1 vote, the Board held that the Sellers were entitled to build the garage as planned under the Ordinance. The lower court reversed, reasoning that the definition of "building line" in the Ordinance fixed the Sellers' front yard as that part of the lot nearest Eagle Road.

Our decision here is based on an interpretation of various sections of the somewhat inartfully drawn Ordinance. The following definitions are found in Section 135-4(B) of the Ordinance:

> BUILDING LINE—A line parallel to the street right-of-way at a distance therefrom equal to the depth of the front yard or setback required for the district in which the lot is located, except in the case of an interior lot not fronting on the highway for its full width, in which case the building line shall be a line parallel to the right-of-way at a distance from the property line nearest the highway equal to the depth of the front yard required for the district in which the lot is located.

> . . . .

> YARD—The required open-space area around the inner periphery of a lot, in which no principal building or structure shall be located. The area of the lot not required to be open space shall be called the buildable area of the lot.

---

[1] The Sellers did not press their argument that they are entitled to a variance before the lower court, and they have not raised the issue here.

(1) FRONT—The minimum open space extending the full width of the lot from the street line to any structure, principal, accessory or other, on a lot, exclusive of cornices, eaves, gutters and chimneys projecting not more than two (2) feet from the building.

(2) SIDE—The minimum open space required between each side lot line and any structure, principal, accessory or other, on a lot, *extending from the building line* to the minimum rear yard open space required on a lot, exclusive of cornices, eaves, gutters and chimneys projecting not more than two (2) feet from the building. (Emphasis added.)

In addition, the following provisions apply to the R-2 Residence District where the Sellers' property is located:

§135-25 Area regulations.

. . . .

C. Front yard. There shall be a front yard on each street on which a lot abuts which shall be not less than forty (40) feet in depth.

D. Side yards.

(1) For every single-family detached dwelling, there shall be two (2) side yards which shall be not less than forty-five (45) feet in aggregate width and neither of which shall be less than twenty (20) feet in width.

. . . .

§135-27.  Accessory structures.

Accessory structures to a use permitted herein shall be located as designated hereunder:

. . . .

C.  In the rear yard and side yard of a lot, in which case they shall not be located closer than ten (10) feet from a side or rear property line.

The Sellers have argued here that the definition of "building line" has no bearing on what constitutes the front and side yards, that the determinative factor is the location of the front door, and that, since the front doors of all five dwellings on the private lane do not face Eagle Road, the proposed garage would be located on their side yard.

The initial fallacy of the Sellers' thesis is that the side yard, by definition, begins at the building line. Section 134-4(B).  In determining where the building line is on the Sellers' property, we note initially that the terms "street" and "highway" are not defined in the Ordinance.  However, our reading of the entire Ordinance convinces us that the building line on this interior lot is a line parallel to Eagle Road and 40 feet, *see* Section 135-25(C), from the southern border of the main part of their property, as indicated by a dotted line on the sketch.[2]

---

[2] A literal reading of the definition of "building line" might suggest that it is a line parallel to and 40 feet from Eagle Road, on the narrow stem of the Sellers' property.  This interpretation would lead to the absurd result that the Sellers' side yard would begin in the middle of the private lane.  Principles of construction militate against such a reading.  Cf. Statutory Construction Act of 1972, 1 Pa. C.S. §1922(1) (General Assembly did not intend a statute to have a result that is absurd, impossible of execution or unreasonable).

Once the building line has been established, it becomes clear that, under the definition of "side yard" in Section 135-4(B) of the Ordinance, the Sellers' two side yards are east and west of their dwelling and north of the building line. Since garages are accessory structures under the Ordinance, Section 135-4 (B), the Sellers' proposed site for the garage is improper since it is not in a rear yard (not argued here) or a side yard as required by Section 135-27(C).

Order affirmed.

### Order

And Now, this 27th day of June, 1978, the order of the Court of Common Pleas of Delaware County, dated October 7, 1976, in the above captioned case, is hereby affirmed.